UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CARLENA PAGE CHAMBERS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 2:20-CV-00036-JRG-CRW |
| AMY CLARK, DENISE BUNKER, and JOHNSON CITY WORK CAMP, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1].

### **I. FILING FEE**

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Greene County Detention Center, she will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Dept Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

On January 5, 2020, Plaintiff, an inmate housed at the Johnson County Detention Facility, was called into the office of Jail Administrator Amy Clark to address a death in Plaintiff's family [Doc. 2 at 4]. While Plaintiff was in Clark's office, Plaintiff asked for a copy of the policies and practices of Tennessee Corrections Institute to assist her with a "legal issue with the Carter County Jail" [*Id.*]. Plaintiff contends that Administrator Clark, who was then in a personal relationship with the Captain at the Carter County Jail, began questioning Plaintiff about the issue and placing blame on Plaintiff for the issue [*Id.*]. Plaintiff then told Clark that "she did not want any retaliation because of [her issue with Carter County]" due to Clark's relationship with the Captain at the Carter County Jail [*Id.* at 4-5]. Clark assured Plaintiff that retaliation would not occur [*Id.* at 5].

On January 8, 2020, Plaintiff sought to have a legal form from the Court notarized, but Clark refused to assist her [*Id.*]. Plaintiff asked Officer Denise Bunker to take her form and request to Clark, but Bunker returned and advised Plaintiff that Clark stated she only notarized forms once a month [*Id.*]. Plaintiff, believing that Clark's refusal to notarize her form was retaliation because of Plaintiff's intended lawsuit against Carter County, and potentially, Clark's boyfriend, continued

to ask for help from Clark [*Id.*]. Clark eventually told Plaintiff, through Bunker, that she "wanted nothing to do with it" [*Id.*].

Thereafter, Plaintiff asked Officer Bunker why Clark refused to respond to Plaintiff, and Bunker told Plaintiff to stop playing manipulative games or she would be thrown "in the hole" [*Id.* at 6]. Plaintiff then intended to file a grievance on the kiosk, but she noticed that Administrator Clark was the individual who received the grievances [*Id.*]. Plaintiff asked Officer Bunker "who was above Amy Clark," and Bunker advised Plaintiff to write Major Botelho [*Id.*]. That evening, however, Clark had Plaintiff moved to the Greene County Jail [*Id.*].

Plaintiff subsequently filed the instant lawsuit, asking the Court to "punish" both Clark and Bunker and award her restitution "for physical mental and emotional distress" [*Id.* at 7].

**B.    SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520

3

(1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

As a preliminary matter, the Court finds that the Johnson City Work Camp is not a proper Defendant, as a work camp is not a "person" subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, the Johnson City Work Camp will be **DISMISSED**.

Next, to the extent Plaintiff contends that Defendant Clark interfered with her right to access the courts by refusing to notarize her legal mail, Plaintiff has failed to state a claim, as she was able to successfully file both this lawsuit and a lawsuit against Carter County. *See Chambers v. Carter County Jail*, No. 2:20-cv-35-PLR-CRW (E.D. Tenn.). Therefore, Plaintiff has not shown any prejudice to her ability to access the courts, and any claim for the denial of such access will be **DISMISSED**. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

4

Third, the Court finds that Plaintiff has failed to state a claim against Defendant Bunker for threatening to throw her "in the hole," as verbal abuse and/or harassment, without more, does not raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, Plaintiff's claim for threats and/or harassment will be **DISMISSED**.

Next, the Court considers whether Plaintiff has a claim against Defendant Clark for a retaliatory prison transfer. The Court notes that to establish a retaliation claim, Plaintiff must show that (1) she "engaged in protected conduct; (2) an adverse action was taken against [her] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's subjective belief that she has been retaliated against is insufficient to state a claim. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). Here, liberally construing Plaintiff's complaint, the Court assumes that Plaintiff's complaints to Clark were related to her attempts to access the courts, which is protected conduct. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). However, a prison transfer is a common occurrence, and a lateral transfer to a different facility is not the type of conduct that would deter a prisoner of ordinary firmness from engaging in the exercise of his or her First Amendment rights. *See Smith v. Yarrow*, 78 F. App'x 529, 543-44 (6th Cir. 2003) (collecting cases). Therefore, Plaintiff has failed to state an actionable claim for retaliation, and this claim will be **DISMISSED**.

Finally, although the Court has found that Plaintiff has failed to state any actionable claim, it otherwise notes that Plaintiff would not be entitled to monetary compensation in this action for any mental or emotional distress caused by Defendants' alleged conduct, as under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See*

5

42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, recovery is not permitted under the PLRA.

**III. CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

ENTER:

                                                 s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE